T. L. SANDERSON and wife FANNIE SANDERSON, Executrix of George W. Charles, v. MARY OVERMAN and others.

*Devise—Administration—Sale of Land for Assets.*

1. Where a testator devised all of his estate to his wife (who was appointed executrix) for life, and directed that she should "use and enjoy the same and every part thereof without any let, hindrance or interference by any of the persons hereinafter mentioned and provided for as remaindermen or any others, for and during the full end and term of her life;"

*Held*, that the life tenant and executrix is not entitled to have the estate of the remainderman in the lands devised subjected to the payment of the testator's liabilities until the personal estate has been applied to that purpose, although it may have been necessary for her maintenance.

This was a SPECIAL PROCEEDING, heard by *Shipp, Judge,* upon exceptions to report at Fall Term, 1886, of PASQUO-TANK Superior Court.

There was judgment for defendants and plaintiffs appealed.

George W. Charles, residing in Pasquotank county, died in the year 1877, leaving a will which has been admitted to probate, and appointing therein as sole executrix the plaintiff Fanny, who afterwards intermarried with the plaintiff Sanderson.

In his will the testator devises and bequeaths to said Fanny, all his "estate and property of every kind, real, personal and mixed, for and during her natural life," and directs that "she may use and enjoy the same without any let or hindrance, or interference by any of the persons hereafter mentioned or provided for as remaindermen or any others during the full end and term aforesaid," with limitations in remainder of the lands.

This special proceeding was instituted to obtain leave from the Court to sell the real estate of the deceased and apply the proceeds to the outstanding indebtedness, upon an averment that the personal estate has been exhausted in the course of administration, and it is necessary to resort to the testator's lands against the devises and heirs at law of the testator. Such answers as were put in by the very numerous defendants owning or having an interest in remainder in the several tracts or lots described in the petition, controvert the allegation that the personal estate had been exhausted in a due course of administration, and allege that there are assets applicable to, and more than sufficient to meet the unsatisfied demands against the testator, with costs of admin-

istration with which the executrix ought to be charged, before recourse is had upon the real estate.

After the removal of the cause by appeal from the ruling of the clerk, refusing to give the license asked for, to the Judge, there was an order of reference for a statement of the administration account and a report made thereof in August, 1885.

The report set out in detail the funds received of the personal estate and their expenditure, with a computation of interest on the several items at the rate of eight per cent. from the date of each, from which it appeared the aggregate of receipts were $19,384.15, while the sums paid out amount to $14,112.07, which, with commissions allowed of five per cent. on both, and deducted from the receipts, leave in the hands of the executrix the sum of $3,597.27.

In this account is not embraced the rents which the referee finds were consumed in paying taxes, keeping up the plantation and making improvements and otherwise, and with which she is not charged.

In a subsequent report, the referee ascertained that the chattel property, other than notes, bonds and other evidences of debt which passed into her possession, was of the value of $1,692.46, all of which she has used and consumed, except certain articles worth $142.15 still on hand, which he concludes she is not to be charged with, but only with the value of what has been used and consumed, to-wit, $1,550.31.

The referee further reported, that "the executrix has held the assets which she considered liable for the debts of the estate of her testator, ready, and has been willing to pay, and has paid out of such the debts as they have been determined and presented."

Of the five exceptions taken to the report by the plaintiffs, all but the first were sustained by the Court, and the first, in these words, overruled:

1. For that the referee erred in charging plaintiff in his original report with $1,692.46 for chattel property, instead of $142.15. The evidence of both plaintiffs show all of the chattel property was consumed in the use, except $142.15, which is not contradicted, and the referee finds the fact, the amount being $1,550.31.

The Court therefore gave judgment against the petitioners, dismissing the petition, and they appealed.

*Mr. E. F. Aydlett,* for the plaintiffs.
No counsel for the defendants.

SMITH, C. J., (after stating the case). The rulings upon the four exceptions sustained, require the interest which is computed on both sides of the account at eight per cent. to be reduced to six per cent.; that no interest be charged against the executrix upon a series of items enumerated in exception two, and this interest to be stricken out; the like reduction from eight to six per cent. of the interest on a claim specified in exception three against F. L. Grandy—a difference stated to be $136 42—and that the indebtedness of Esau Randall by notes, whose principal is $1,000, be also stricken out as a charge against her.

The correction required by the ruling on exception three, by which the executrix is released of interest on specified items, would necessitate the striking of an equal amount of interest from the list of expenditures, since, if not herself required to pay interest, she could not charge it on the moneys applied to the debts, and therefore the result would be the same as if the correction were not made.

But the change to be made in the general account by the corrections required in the rulings upon the exceptions, cannot be seen upon a mere inspection of the papers, nor whether any residue will be left in the hands of the executrix when the account is thus reformed, or an amount sufficient

to meet the demands against the estate. To ascertain the result a reference is necessary.

While we do not hesitate to hold the executrix responsible for what she has appropriated to her own use, as the debts must be paid before legacies, her responsibility depends upon the state of the general account when charged with these goods. The inquiry is important only to determine if she still has assets, or ought to have them, adequate to the present wants of the estate.

This reference ought to have been made and executed in the Court below before disposing of the action by dismissing it. As it was not done, to avoid the delay of sending the cause back in order that the inquiry may be then made, we shall order a reference to our own clerk and await the result, and it is so ordered.

Since the foregoing part of |the opinion was prepared, the clerk makes his report, and finds a residue in the hands of the executrix of $1,804.05 unexpended, which is more than is required to discharge the remaining liabilities. Thus a case for the sale of the lands is not presented, and the petitioners are not entitled to the relief demanded.

The judgment, therefore, dismissing the petition must be affirmed, and it is so ordered.

No error. Affirmed.